The State (SAMUEL GRANT, PROSECUTOR,) *vs.* JOHN V. HULL, COLLECTOR OF LAMBERTVILLE.

That part of the bridge across the Delaware at Lambertville, which is within the limits of that town, is liable to taxation; but that part which is not within those limits is not.

The assessor of the town of Lambertville assessed the bridge over the Delaware at Lambertville after it was sold from the incorporated company formerly owning it, by receivers appointed by the chancellor, and purchased by individual owners, and valued it at half the value of the whole structure, as ascertained by the sale. The limits of the town of Lambertville are defined, in the charter of the town, as extending to low water mark of the river. The owner of the bridge prosecuted this *certiorari* to determine the legality of the assessment.

Argued, before Justices ELMER, POTTS, and VREDENBURGH, by *Wilson,* for the prosecutor, and *Halsted,* contra.

ELMER, J. This *certiorari* is brought to determine the legality of the tax assessed by the assessor of the town of Lambertville, in the county of Hunterdon, on the bridge formerly belonging to the New Hope Delaware Bridge Company, which it appears has been sold, and become

the property of the prosecutor. It was insisted, in the first place, that the prosecutor is the purchaser of the franchises of the company, as well as of the bridge itself, and that the value of the bridge, as stock in his hands, is taxable only as personal property in the township or city where he resides. This objection is sufficiently answered by the fact, that the bridge itself is taxed to an individual, who is admitted to be the owner, and it does not appear how he holds it. So far as appears, it is rightly taxed as real estate owned by an individual, the right of the stock company which once owned it having been extinguished.

It was also urged that the bridge is not within the limits of the town of Lambertville, and is therefore not subject to taxation. It appears, however, that the abutment on the shore of New Jersey, and the lot on which it stands, is within the limits of the town, as defined in the act of incorporation, passed in 1849, *Pamph L.* 247, and is therefore liable to be taxed. The assessment, as made upon one half of the bridge, extending to the middle of the river, cannot be sustained. That part of it which is not within the limits of Lambertville is not within any county or township of the state, as now defined. There not being sufficient evidence before the court to enable us to ascertain precisely how much of the structure is within the limits of the town, or what is the actual value of the lot and of the structure upon it, as it now stands, for the purposes of the bridge, unless the parties can agree, a commissioner must be appointed to make an examination and valuation of the property, that the tax may be reduced accordingly.

Justices POTTS and VREDENBURGH concurred.